IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**DEBRA J. RYAN**,

    Plaintiff,

    v.

**VIBRA SPECIALTY HOSPITAL OF PORTLAND, LLC**,

    Defendant.

No. 3:16-cv-00564-YY

OPINION AND ORDER

**MOSMAN, J.**,

On May 26, 2017, Magistrate Judge Youlee Yim You issued her Findings and Recommendation ("F&R") [40], recommending that Defendant Vibra Specialty Hospital of Portland's ("Vibra") Motion for Summary Judgment [20] should be GRANTED as to Plaintiff Debra Ryan's hostile work environment claim (Claim 1), and DENIED as to her retaliation (Claim 2) and whistleblower (Claim 3) claims. Defendant objected [42] to Judge You's findings on claims 2 and 3, and Ms. Ryan responded [43] to their objections.

**LEGAL STANDARD**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or

1 – OPINION AND ORDER

recommendations as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny with which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

## ANALYSIS

As an initial matter, neither party objects to Judge You's recommendation that Vibra's motion as to Claim 1 should be granted on the grounds that the alleged conduct was not sufficiently severe or pervasive to create an objectively hostile work environment. After carefully reviewing Judge You's analysis, I agree with her findings and recommendation as to the hostile work environment claim and ADOPT that portion of the opinion as my own.

Vibra objects, however, to Judge You's findings and recommendations that the motion should be denied as to Ms. Ryan's second and third claims, which are premised on a theory of unlawful retaliation. Ms. Ryan's second claim alleges Vibra unlawfully retaliated against her under O.R.S. § 659A.030(1)(f) when it terminated her as a result of her having reported her supervisor's sexual harassment. Ms. Ryan's third claim alleges that Vibra unlawfully retaliated against her in violation of O.R.S. § 659A.199 when it terminated her as a result of her having reported that her supervisor sent her after-hours text messages, which she believed was a violation of a state code or regulation. Judge You recommended denying the motion on both claims because she found that there was a genuine dispute of material fact regarding whether at

least one of the decision makers involved in her termination was aware of Ms. Ryan's prior complaints.

In general, Vibra argues that Judge You failed to fully consider whether Ms. Ryan established a *prima facie* case of retaliation. Assuming Ms. Ryan could establish a *prima facie* case of retaliation, Vibra then argues that Judge You failed to determine whether it had provided a legitimate non-retaliatory reason for Ms. Ryan's dismissal, and, if so, whether Ms. Ryan had shown that reason was merely pretextual.

As explained below, I agree with Vibra that the F&R insufficiently considers whether Ms. Ryan established a *prima facie* claim of retaliation, or whether she met her burden to show Vibra's alleged non-retaliatory reasons for firing her were merely pretextual. After considering those outstanding questions, however, I find that there is a genuine issue of material fact as to whether Vibra unlawfully retaliated against Ms. Ryan after she complained about her supervisor. Accordingly, Vibra's Motion for Summary Judgment is DENIED as to Ms. Ryan's second and third claims for relief.

I. **Legal Framework for Retaliation Claims**

Neither party disputes the finding that in Oregon it is unlawful for an employer to terminate an employee in retaliation for that employee reporting sexual harassment or violations of a state rule or regulation. Indeed, under O.R.S. § 659A.030(1)(f), it is unlawful for an employer to "discharge . . . any [] person because that [] person has opposed any unlawful practice, or because that [] person has filed a complaint . . . or has attempted to do so." Accordingly, § 659A.030(1)(f) makes it unlawful for an employer to terminate an employee because she has reported sexual harassment. *See Mains v. Il Morrow, Inc.*, 877 P.2d 88, 92-94 (Or. App. 1994) (explaining that sexual harassment is unlawful under § 659.030). In addition,

O.R.S. § 659A.199(1) makes it "an unlawful employment practice for an employer to discharge . . . an employee . . . for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of state or federal law, rule or regulation."

"To establish a *prima facie* case of retaliation" under § 659A.030(1)(f) or §659A.199, a plaintiff must show that: (1) she engaged in a protected activity; (2) her employer subjected her to an adverse employment action; and (3) "a causal link exists between the protected activity and the adverse action." *Tornabene v. Nw. Permanente, P.C.*, 156 F. Supp. 3d 1234, 1248 (D. Or. 2015) (*citing Manatt v. Bank of Am.*, 339 F.3d 792, 800 (9th Cir. 2003) (internal quotation marks omitted)) (explaining the standard for § 659A.030 claims); *see also Larmanger v. Kaiser Foundation Health Plan of the Nw.*, 895 F. Supp. 2d 1033, 1049 (explaining the standard for §659A.199 claims). "The plaintiff need not prove her prima facie case by a preponderance of the evidence at this stage." *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 731 (9th Cir. 1982). She only needs to provide "significantly probative evidence" of any fact in dispute. *Id.*

Once "the plaintiff establishes a prima facie case, the burden shifts to the defendant to rebut the inference of retaliation by offering a legitimate, nondiscriminatory reason for the employee's termination." *Larmanger*, 895 F. Supp. 2d at 1049. If the defendant provides evidence that "successfully rebuts the inference of retaliation, the burden of production shifts back to the plaintiff to show that the defendant's explanation is merely a pretext for impermissible retaliation." *Id.*

In her analysis of Ms. Ryan's second and third claims, Judge You found that there was a dispute of material fact as to whether at least one of the decision makers responsible for Ms. Ryan's termination knew about her sexual harassment complaint. While I agree with Judge You's findings that there is a question of fact as to whether a decision maker was aware of Ms.

Ryan's complaints, I also agree with Vibra that the analysis falls short of that which is needed under the burden-shifting framework described above. Specifically, I must determine whether there is sufficient evidence showing Ms. Ryan engaged in a protected activity and that her termination resulted from engaging in that activity. In addition, I must determine whether Vibra has put forth a legitimate and non-retaliatory explanation for the termination. If so, then I must consider whether Ms. Ryan has provided sufficient evidence to show that Vibra's explanation is pretextual.

## II. Prima Facie Case of Retaliation

As explained above, in order to establish a *prima facie* case of retaliation for her second and third claims, Ms. Ryan must show that she engaged in a protected activity, that she suffered an adverse employment action, and that the adverse action was retaliation for the protected activity. Vibra concedes that Ms. Ryan has shown that she suffered an adverse action by being terminated and that she engaged in protected activity as a "whistleblower" when she complained of the after-hours text messaging from her supervisor. But Vibra argues Ms. Ryan cannot show that she engaged in a protected activity when she complained of sexual harassment, as required to establish her second claim for relief. And, in any event, Vibra argues that Ms. Ryan did not establish a *prima facie* case on either her second or third claims because she failed to show that her termination occurred in retaliation for her complaints. Pursuant to the following analysis, I have determined Ms. Ryan has met her burden of establishing a *prima facie* case of retaliation.

### A. *Whether Ms. Ryan's Sexual Harassment Complaints Constitute Protected Activity*

Vibra argues Ms. Ryan's second claim for relief under § 659A.030(f)(1) must fail because, as a matter of law, she cannot show she engaged in a protected activity when she complained of her supervisor's alleged sexual harassment. Specifically, Vibra argues that under

5 – OPINION AND ORDER

*Clark County School District v. Breeden*, 532 U.S. 268 (2001), Ms. Ryan cannot base her claim on conduct that Judge You determined did not serve as the basis of an actionable hostile work environment claim. For the following reasons, I find that Ms. Vibra has provided sufficient facts to establish that she engaged in a protected activity when she complained about her supervisor's alleged sexual harassment.

In *Breeden*, an employee brought a Title VII retaliation claim against her employer on the grounds that she was retaliated against after making a sexual harassment complaint about her coworkers who had chuckled in her presence at a sexually explicit comment they read in a psychological evaluation. *Id.* at 269.[1] The Supreme Court found that under the facts alleged, no reasonable person could believe the single incident violated Title VII's standard forbidding sexual harassment. *Id.* at 271 In other words, it determined that no reasonable person could believe that the harassment was "so severe or pervasive" that it created an "abusive working environment." *Id.* at 270 (citations omitted) (internal quotation marks omitted). Its ruling was based, in part, on the employee's admission that it did not bother her to read the sexually explicit statement, that doing so was part of her job, and that her co-worker's "chuckling" response was, at worst, an isolated incident that couldn't "remotely be considered 'extremely serious.'" *Id.* at 271.

Vibra argues that *Breeden* stands for the proposition, then, that if the underlying conduct that a plaintiff complains about could not support a hostile work environment claim, then she also cannot hold the employer liable for terminating her as a result of reporting the allegedly unlawful conduct. In other words, since the underlying conduct she complained about was not unlawful, the plaintiff could not have engaged in a protected activity.

---

[1] Since O.R.S. § 659A.030 is modeled off of Title VII, the analysis is substantially similar to federal law under Title VII and federal cases are instructive. *Mains*, 877 P.2d at 93; *see also Tornabene*, 156 F. Supp. 3d at 1248.

6 – OPINION AND ORDER

I disagree with Vibra's interpretation of *Breeden*. The Court did not hold that a plaintiff's complaints to an employer can never constitute "protected activity" for the purposes of unlawful retaliation if the underlying conduct complained of falls short of a hostile work environment claim. In *Bredeen*, the Supreme Court did not overrule or reject the Ninth Circuit's standard for Title VII retaliation claims, which "protects employee opposition not just to practices that are actually made . . . unlawful by Title VII, but also to practices that the employee could reasonably believe were unlawful." *Id.* at 270 (internal quotation marks omitted). Instead, the Court used that standard to determine whether the claim could stand based on the facts in evidence. *Orme v. Burlington Coat Factory of Or., LLC*, No. CV 07-859-HU 2008 WL 5234408, at *9 (D. Or. 2008) (analyzing *Bredeen*). Based on the facts, then, the Court merely held that it was not reasonable for the employee in that case to have believed the conduct she complained of was unlawful. *Breeden*, 532 U.S. at 270.

Here, Judge You properly considered the harassing conduct that Ms. Ryan argues supports her hostile work environment claim and ultimately determined that the evidence in the record fell "short of that in cases where the court has allowed hostile work environment claims to proceed." In other words, she found it was not sufficiently severe or pervasive that it created a hostile work environment. That said, Judge You did not make a finding that it was unreasonable for Ms. Ryan to believe that her supervisor's conduct constituted unlawful sexual harassment when she made the complaint. Indeed, Vibra has not argued that it was unreasonable for Ms. Ryan to believe the conduct she complained of was unlawful. And, based on the facts in the record, I cannot conclude as a matter of law that it was unreasonable for Ms. Ryan to believe that the conduct she complained of was unlawful.

Accordingly, Judge You's finding that Ms. Ryan's allegations did not support a hostile work environment claim does not preclude Ms. Ryan from bringing a retaliation claim based on her assertion that she was terminated as a result of reporting that conduct. To the extent Ms. Ryan reasonably believed the conduct constituted unlawful sexual harassment, her reporting of that conduct was a protected activity under § 659A.030(1)(f).

B. *Whether Ms. Ryan Has Shown Some Causal Connection Between Her Complaints and Termination*

Vibra also argues that Ms. Ryan has failed to show there was a causal connection between her complaints and her termination. Specifically, Vibra argues that Ms. Ryan (1) has not shown that a decision maker involved in her termination was aware of her complaints, or (2) established any connection between the alleged decision maker's knowledge of her complaints and the challenged action.

"To show a causal link between an alleged protected activity and an adverse employment action, a plaintiff must show that the protected activity constituted the 'but-for-cause' of the employer's adverse employment action." *Tornabene*, 156 F. Supp. 3d at 1248 (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013)). The causation element may be satisfied through circumstantial evidence, including an "employer's knowledge that the plaintiff engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory employment decision." *Id.* (quoting *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987)). The employer's knowledge is established by showing that the decision-maker, or the person who sufficiently influenced the decision-maker's decision, had knowledge of the plaintiff's protected activity at the time that the individual made the adverse employment decision. *Kitchen v. WSCO Petroleum Corp.*, 481 F. Supp. 2d 1136, 1147 (D. Or. 2007). The "causal link can be inferred from timing alone when there is a close proximity," including of two

or three months, between the protected activity and the employment decision. *Tornabene*, 156 F. Supp. 3d at 1249 (*citing Thomas v. City of Beaverton*, 379 F.3d 802, 812 (9th Cir. 2004) (internal quotation marks omitted)).

Ms. Ryan argues that Vibra's employees have provided inconsistent statements about who was involved in the decision to terminate her, and based on their statements, the evidence supports a reasonable inference that at least five employees, including Tupper, Young, Henson, French, and Sutton, were involved in her termination as decision makers. Indeed, Judge You determined that the evidence in the record supported a finding that such individuals were involved in the termination decision. Further, at least one of Vibra's employees claimed she told Henson about Ryan's complaints. Thus, even though Henson denied knowing about the complaints, Judge You determined there was a genuine issue of material fact about whether Henson was involved as a decision maker and whether Henson knew about the complaints.

In addition, the Director of Human resources testified that Ms. Ryan's supervisor recommended termination and that he was involved in the decision. Further the evidence in the record, taken in the light most favorable to Ms. Ryan, suggests that he was informed of Ms. Ryan's complaints. Accordingly, I agree that there is a genuine dispute of material fact as to who the decision makers were and which of them were aware of Ms. Ryan's complaints

The circumstantial evidence in the record also supports a rational inference that Ms. Ryan was terminated because of her complaints. Ms. Ryan was terminated on April 6, 2015. The evidence taken in the light most favorable to her suggests that she complained about her supervisor's behavior throughout 2014, that her supervisor was made aware of her complaints, and that she continued to rebuff her supervisor's alleged advances up to a couple of months before she was terminated. While Vibra disputes many of those allegations, when accepted as

true for the purposes of this motion, along with the uncontested assertion that her supervisor was involved in the decision to terminate Ms. Ryan, they are sufficient to show that Ms. Ryan was terminated in retaliation for her complaints.

### III. Whether Vibra Provided a Legitimate Non-Retaliatory Reason for Ms. Ryan's Termination

As explained above, once a plaintiff establishes a *prima facie* case of retaliation the burden shifts to the defendant to supply evidence of a non-retaliatory reason for the adverse employment action. Here, Vibra alleges that the decision to terminate Ms. Ryan was based on her failing performance. Specifically, Vibra alleges that Ms. Ryan was disciplined (1) on January 16, 2015, for inappropriate and sub-par email communication; (2) around mid-March 2015, for her inattention to her job duties, specifically her failure to follow directions related to keeping physicians' credentials current; and (3) on March 27, 2015, for committing a scheduling error that resulted in the hospital being short-staffed. Ultimately, Vibra alleges that it terminated her employment on April 6, 2015, because of these issues.

I find that these allegations of substandard work performance are a legitimate non-retaliatory reason for Ms. Ryan's termination. Accordingly, Vibra has met its burden of establishing a legitimate, non-retaliatory reason for its decision to terminate Ms. Ryan.

### IV. Whether Ms. Ryan Has Shown Vibra's Reason for Termination Were Pretextual

In order to survive summary judgment, Ms. Ryan must now provide evidence from which a reasonable jury could infer that Vibra's stated reasons for her termination were pretextual. To do so, she must "demonstrate that the proffered reason was not the true reason for the employment decision." *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1093 (9th Cir. 2001) (citation omitted). "She may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the

10 – OPINION AND ORDER

employer's proffered explanation is unworthy of credence." *Id.* at 1093-94 (citation omitted). "These two approaches are not exclusive; a combination of the two kinds of evidence may in some cases serve to establish pretext so as to make summary judgment improper." *Id.* at 1094 (citation omitted). And Ms. Ryan "does not necessarily have to introduce additional, independent evidence of discrimination." *Id.* In fact, "a disparate treatment plaintiff can survive summary judgment without producing any evidence of discrimination beyond that constituting h[er] prima facie case, if that evidence raises a genuine issue of material fact regarding the truth of the employer's proffered reasons." *Id.* (citation omitted).

Ms. Ryan argues that the facts supporting her *prima facie* case are enough in and of themselves to establish a genuine dispute of material fact as to whether Vibra's actions were pretextual. In addition, she offered evidence showing that:

- a doctor had made a similar scheduling mistake in the past and not suffered adverse consequences;
- despite the scheduling error, the number of patients that each doctor provided care for was still within industry and hospital standards;
- her termination paperwork implied the hospital was short-staffed for three days, when at most it was only short staffed for one shift;
- she was fired without ever receiving a disciplinary action, even though Vibra uses a step disciplinary procedure;
- her supervisors' statements about her substandard work performance with regard to the credentialing process for doctors were not true; and

- the human resources employee who investigated Ms. Ryan's termination claimed in his deposition he would normally recommend a lessor course of disciplinary action in lieu of termination for her mistake.

Having reviewed Ms. Ryan's proffered evidence, I agree that she has met her burden of showing that there is a dispute of material fact as to whether Vibra's claimed legitimate reason for her termination is pretextual. Given the evidence, a rational jury could conclude that the explanation was pretextual and that Ms. Vibra's termination was really caused by retaliatory animus for her complaints of sexual harassment.

## CONCLUSION

With the foregoing supplemental analysis, I ADOPT Judge You's F&R. Defendant's Motion for Summary Judgment [20] is GRANTED in part and DENIED in part. The motion is GRANTED as to Ms. Ryan's first claim of relief, and it is DENIED as to her second and third claims.

IT IS SO ORDERED.

DATED this __4th__ day of August, 2017.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
Chief United States District Judge